IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK BODDIE,<br><br>    Petitioner,<br><br>v.<br><br>BEN CURRY, Warden,<br><br>    Respondent. | No. C 08-01957 SBA (PR)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS HABEAS PETITION AS SECOND OR SUCCESSIVE**<br><br>(Docket no. 9) |

Petitioner, a state prisoner, filed the present pro se petition for writ of habeas corpus.

Before the Court is Respondent's motion to dismiss the petition as a second or successive petition, or, in the alternative, as either barred by Lackawanna County District Attorney v. Coss, 532 U.S. 394 (2001), or untimely under 28 U.S.C. § 2244(d)(1). Petitioner opposes the motion, and Respondent filed a reply to the opposition.

The record shows that Petitioner has filed a previous petition for a writ of habeas corpus with this Court, challenging the same 1997 conviction and sentence. See Case No. C 00-4665 SBA (PR). The Court denied his previous petition on the merits. Petitioner appealed, and the Ninth Circuit Court of Appeals affirmed the judgment on August 4, 2005. (Resp't Ex. 5.) Petitioner then filed a petition for writ of certiorari in the United States Supreme Court, which was denied on February 27, 2006. (Id.)

On April 14, 2008, Petitioner filed the present petition, in which he claims the trial court violated his 1990 plea agreement, because he pled guilty to a "three count single information that was subsequently used by the State as multiple convictions for the purpose of the Three Strikes Law in 1997, thereby breaching the contract." (Pet. at 6.)

**DISCUSSION**

The Court finds the present petition is a second or successive petition attacking the same 1997 conviction and sentence as Petitioner's prior federal habeas petition. A second or successive petition containing new claims may not be filed in the district court unless Petitioner first obtains

from the United States Court of Appeals an order authorizing the district court to consider the petition.  28 U.S.C. § 2244(b)(3)(A).  Petitioner has not done so.

Furthermore, Petitioner's arguments in opposition to the motion to dismiss are without merit.  The Court finds that Petitioner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 because he is a state prisoner being held "pursuant to the judgment of a State court," 28 U.S.C. § 2254, and he is challenging his 1997 conviction on the grounds that his custody is unconstitutional.  Petitioner cannot circumvent the bar against second or successive petitions by simply making a conclusory statement that "[t]his petition meets the criteria under section 2254 and is neither second or successive."  (Pet. at 6.)  Petitioner contends he is not subject to 28 U.S.C. § 2244(b) because the previous federal proceeding did not result in a decision on the merits of the claims presented in the present petition.  (Id., Opp'n at 1-2.)  A district court must dismiss claims presented in a second or successive habeas petition challenging the same conviction and sentence unless the claims presented in the previous petition were denied for failure to exhaust.  See 28 U.S.C. § 2244(b)(1); Babbitt v. Woodford, 177 F.3d 744, 745-46 (9th Cir. 1999).  Additionally, a district court must dismiss any new claims raised in a successive petition unless the petitioner received an order from the court of appeals authorizing the district court to consider the petition.  See 28 U.S.C. § 2244(b)(2), (3).  Here, Petitioner has neither showed that the new claims were previously denied for failure to exhaust, nor has he presented an order from the Ninth Circuit Court of Appeals authorizing this Court to consider any new claims.

Petitioner also argues that he did not need authorization from the Ninth Circuit because "precedent case law cited in the later [sic] petition did not exist when the first petition was filed."  (Opp'n at 2.)  Presumably, Petitioner is referring to Davis v. Woodford, 446 F.3d 957 (9th Cir. 2006). (Pet. at 7.)  He also argues that the "events giving rise to the later [sic] application had not occurred until after the conclusion of the earlier habeas proceeding."  (Opp'n at 2.)  Even if those assertions were true, they would not bestow jurisdiction on this Court to review the current petition without authorization from the Ninth Circuit.  See 28 U.S.C. § 2244(b)(3)(A).  Such authorization is permitted only when the claim relies on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," § 2244(b)(2)(A), or

"the factual predicate for the claim could not have been discovered previously through the exercise of due diligence," § 2244(b)(2)(B)(i). <u>Davis</u> does not qualify under § 2244(b)(2)(A) because it did not announce a new rule. Nor does § 2244(b)(2)(B)(i) apply, because the factual predicate for the new claim -- that the trial court violated Petitioner's 1990 plea agreement by using those convictions as strikes to enhance the current conviction -- was known to Petitioner at the time of sentencing in 1997. Thus, the limitations on second or successive petitions clearly apply, and preclude this Court from addressing the current petition.

Accordingly, Respondent's motion to dismiss is GRANTED, and this petition is DISMISSED without prejudice to filing a new habeas action if Petitioner obtains the necessary order.[1]

## **CONCLUSION**

For the foregoing reasons, Respondent's motion to dismiss the petition as a second or successive petition (docket no. 9) is GRANTED. The petition is DISMISSED pursuant to 28 U.S.C. § 2244(b).

The Clerk of the Court shall enter judgment in accordance with this Order, terminate all pending motions, and close the file.

This Order terminates Docket no. 9.

IT IS SO ORDERED.

DATED: 12/17/09

_Saundra B Armstrong_
SAUNDRA BROWN ARMSTRONG
UNITED STATES DISTRICT JUDGE

---

[1] Because the Court has dismissed the present petition as a successive petition, it need not address Respondent's two alternative arguments for dismissal.

**United States District Court**
For the Northern District of California

1
2
3  UNITED STATES DISTRICT COURT
   FOR THE
4  NORTHERN DISTRICT OF CALIFORNIA

5  RODERICK BODDIE,

                                              Case Number: CV08-01957 SBA
6              Plaintiff,
                                              **CERTIFICATE OF SERVICE**
7     v.

8  BEN CURRY et al,

9              Defendant.
                                          /
10

11 I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.
12
13 That on December 21, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located
14 in the Clerk's office.

15
16
17 Roderick Boddie K-58959
   California State Prison - Soledad
18 P.O. Box 689
   Soledad, CA 93960-0689
19
   Dated: December 21, 2009
20                                             Richard W. Wieking, Clerk
                                               By: LISA R CLARK, Deputy Clerk
21
22
23
24
25
26
27
28

P:\PRO-SE\SBA\HC.08\Boddie1957.grantMTD(successive).wpd        4